### HARDING v. CRAIG.  (No. 7933.)

Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1928.

Rehearing Granted April 11, 1928.

1. **Judgment ⬅18(1)—Defense of election of remedies, stricken out on exception, cannot support judgment of affirmance.**

Defense of election of remedies, set up in court below but stricken out on exception, cannot support judgment of affirmance based thereon.

2. **Vendor and purchaser ⬅45—Whether one controlling option to purchase land obligated himself to cause its conveyance to another held for jury.**

Whether one contracting to convey tract, on which he controlled option to purchase, to another, obligated himself to cause such tract to be conveyed to such other, and hence was liable to latter for loss of bargain and special damages from breach of obligation, *held* for jury.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Action by W. A. Harding against C. E. Craig. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Davis E. Decker, of Raymondville, for appellant.

H. G. Hart, of Raymondville, for appellee.

SMITH, J. Both appellant and appellee are, or have been, engaged in developing land in Willacy and adjoining counties. By purchasing large bodies of lands, and by improving and reselling them in smaller tracts, they have done much towards converting a barren and unsettled waste into richly productive farms and gardens and orchards, which now support happy and prosperous communities. According to the record, this has been particularly true of appellant, Harding, whose industry, ability, and public spirit have wrought much in the development of the Rio Grande Valley into perhaps the richest and most productive region of America.

In the course of this campaign appellant purchased and colonized a block of 40,000 acres of land in Willacy and Hidalgo counties, in 1924. He purchased these lands through various sources. For example, he entered into a contract with appellee, Craig, who owned some lands within the proposed block, and owned or controlled options to purchase other tracts. By this contract appellee obligated himself, for a consideration of $20 an acre, mostly on credit, to convey certain tracts of his own to appellant and to "convey or cause to be conveyed" certain other tracts to appellant, upon which he controlled options to purchase from the owners. Among the latter was a tract of 817 acres owned by J. B. Wilson, upon which appellee controlled an option, taken in the name of a third party, to purchase at $20 an acre. Appellee complied with his contract with appellant, and conveyed to the latter, or caused to be conveyed to him, all the lands provided for in the contract, except the Wilson tract. He even went so far in that instance as to procure a contract from Wilson to convey that tract direct to appellant upon certain terms, which appellant was willing to accept. But Wilson made some further demand, not contemplated in his agreement with appellee, and the negotiations ended in failure. But instead of standing upon his contract with appellee, and demanding specific enforcement thereof, or damages for the breach, appellant turned to Wilson for relief, and brought and prosecuted a suit against him to enforce specific performance of the option contract between Wilson and appellee. That suit resulted in judgment against appellant, who thereupon brought the present suit against appellee to recover damages of appellee for breach of his contractual obligation to cause the Wilson land to be conveyed to appellant.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Upon a trial the court below directed a verdict against appellant, and this appeal resulted.

Now, appellant bases his claim for relief upon the contention that when appellee obligated himself to cause the Wilson land to be conveyed to appellant he was bound thereby, and that because of the breach of that obligation he was liable to appellant for the loss of the bargain, as well as for all special damages flowing from 'the breach. But we do not think the case ended up in that attitude. We think, rather, that the right and liabilities of the parties were diverted from their usual course in such cases when Wilson refused to carry out his contract with appellee to convey the property to appellant upon the terms stipulated in that contract, and when appellant at that juncture elected to look to Wilson for relief rather than to appellee. He was then confronted with the duty under his contract with appellee, if he intended to stand upon that contract, to demand performance thereof by appellee. He had known all along of the relations and negotiations between appellee and Wilson. He knew that the land was owned by Wilson. He knew that Wilson was not going to convey to him except upon terms then made known to him, and which were not acceptable to him. But instead of standing upon his contract and requiring appellee to procure conveyance as he had contracted to do, or to respond in damages for his failure, appellant turned from that remedy and sought relief from Wilson, a third party. By that course he assumed control of the situation and himself became the actor, thus relieving appellee of further performance; he acquiesced in appellee's failure of performance, and acquitted him of further responsibility under this contract. While pursuing the remedy he elected to follow, the position and condition of the parties have changed, and his damages have been accumulating so that the asserted liability of appellee, if enforced, has multiplied many times beyond what it was when appellant elected the remedy he voluntarily pursued. Now that that remedy has failed, it is too late to assert the original remedy, which he had abandoned.

The judgment is affirmed.

### On Motion for Rehearing.

[1] The appeal was originally decided upon the theory of election of remedies. That defense was set up by appellee in the court below, but, it now appears, was stricken out on exception, and therefore cannot support the judgment of affirmance based thereon. Accordingly, this court is relegated to further consideration of the case, and if the action of the trial court in directing a verdict cannot be sustained upon other grounds than

an election of remedies, then the judgment must be reversed.

[2] And, upon a careful examination of the statement of facts, in response to appellant's motion for rehearing, we have reached the conclusion that, even including the matter of election of remedies properly raised, the case was one for the jury. In view of another trial, we do not deem it advisable—it would not be proper—to enter into a discussion of the evidence. It is perhaps sufficient to say, generally, that the issues presented in appellant's first assignment of error should have been submitted to the jury, and therefore that assignment must be sustained.

Appellant's motion for rehearing is granted, the order of affirmance heretofore entered will be set aside, and the judgment of the court reversed and the cause remanded.